IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRIN GAYLE,<br>    Plaintiff | :<br>: |
| | :    No. 1:23-cv-00861 |
| v. | : |
| | :    (Judge Kane) |
| UNITED STATES, et al.,<br>    Defendants | :<br>: |

## MEMORANDUM

Pro se Plaintiff Tyrin Gayle ("Plaintiff"), a federal prisoner, is currently incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan"). He commenced the above-captioned action by filing a complaint against the United States and five (5) medical professionals based upon events that allegedly occurred while incarcerated at USP Canaan. Pursuant to the Prison Litigation Reform Act of 1995,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

I.    BACKGROUND

On May 24, 2023, Plaintiff filed his form complaint pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"). Named as defendants are the United States and the following individuals, all of whom appear to have worked at USP Canaan during the period of time relevant to Plaintiff's claims: S. Mowatt, MD ("Mowatt"); Rhea Carey, PA-C ("Carey"); John Keelen, CRNP ("Keelen"); Ann Narcoonis, APN ("Narcoonis"); and Jeremy Simonson, Health Services

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA").

Assistant. (Doc. No. 1 at 1–3.) In addition to his complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. No. 2), as well as his prisoner trust fund account statement (Doc. No. 3). The Court, having reviewed his motion and trust fund account statement, will grant Plaintiff leave to proceed in forma pauperis.

In his form complaint, Plaintiff asserts a First Amendment claim based upon a violation of "[i]nstitutional [r]ights" and an Eighth Amendment claim based upon "crude and unusual punishment." (Doc. No. 1 at 5.) As a result of these asserted violations, Plaintiff claims that he has suffered the following injuries: "[b]itten lips, [b]itten tongue, [m]emory loss, and [m]entally unstable." (Id.) As for relief, he requests that the Court order Defendants to "find out what's causing [him] to have these seizures and what [kind of] seizures [he is] having." (Id.) In addition, he seeks monetary relief for violations of his First and Eighth Amendment rights. (Id.)

Apart from these general claims concerning violations of Plaintiff's First and Eighth Amendment rights, the complaint offers no factual allegations to show how these violations occurred. As reflected in the "STATEMENT OF FACTS" section of his complaint, Plaintiff only identifies five (5) witnesses and states "See Attachments." (Id. at 4.) Plaintiff, however, has not filed any attachments or since submitted any attachments to the Court.[2]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1).

---

[2] Plaintiff's complaint includes a letter, which states that he needs thirty (30) days to produce "relevant documents[.]" (Doc. No. 1 at 7.) Those thirty (30) days have passed, and Plaintiff has neither filed those documents nor sought an extension of time in which to file those documents.

District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause

of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### III. DISCUSSION

#### A. The FTCA

"'In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment." Brownback v. King, 141 S. Ct. 740, 746 (2021) (quoting FDIC v. Meyer, 510 U.S. 471, 475–76 (1994)). Federal courts have jurisdiction over these tort claims if a plaintiff plausibly alleges the following six (6) elements of 28 U.S.C. § 1346(b):

> "'[1] [a claim] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the

> United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"

See id. (emphasis and some alterations added) (quoting Meyer, 510 U.S. at 477) (quoting 28 U.S.C. § 1346(b)).

As a result, the FTCA "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" See Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011) (quoting In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001)); CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (explaining that "'[t]he cause of action in an FTCA claim . . . must come from state tort law"). For that reason, "'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'" See Lomando, 667 F.3d at 372–73 (quoting In re Orthopedic, 264 F.3d at 362).

Here, however, Plaintiff's complaint does not identify the state law tort action that it seeks to assert against the United States or the grounds upon which it seeks to assert such a cause of action. As a result, Plaintiff's complaint fails to establish all six (6) elements of 28 U.S.C. § 1346(b). The Court will, therefore, dismiss Plaintiff's FTCA claim for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. See Brownback, 141 S. Ct. at 749 (explaining as follows: "a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim[,]" and, thus, "[t]hat means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction" (quoting 28 U.S.C. § 1346(b)(1))).

B.     **Bivens**

"Bivens is the short-hand name given to causes of action against federal officials for alleged constitutional violations."  Bistrian v. Levi, 912 F.3d 79, 88 (3d Cir. 2018).  "In the case giving the doctrine its name, the Supreme Court held there is a cause of action for damages when a federal agent, acting under color of his authority, conducts an unreasonable search and seizure in violation of the Fourth Amendment."  Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Bivens, 403 U.S. at 389, 397)).  The Supreme Court subsequently recognized two (2) other Bivens actions: one under the Fifth Amendment's due process clause for gender discrimination in the employment context, see Davis v. Passman, 442 U.S. 228, 248–49 (1979); and the other under the Eighth Amendment's prohibition of cruel and unusual punishment clause in the prison medical care context, see Carlson v. Green, 446 U.S. 14, 23–25 (1980).  See also Bistrian, 912 F.3d at 89; Shorter, 12 F.4th at 371.

1.     **Failure to Allege Personal Involvement**

"In the limited settings where Bivens does apply," it acts as "the 'federal analog to suits brought against state officials under [42 U.S.C. §1983 ("Section 1983")].'"  See Ashcroft, 556 U.S. at 675–76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)).  And, in order for a plaintiff to allege a deprivation of a constitutional right under either Bivens or Section 1983, the plaintiff must allege the personal involvement of each defendant.  See id. at 676 (explaining that, "[b]ecause vicarious liability is inapplicable to Bivens and [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating that a "defendant in a civil rights action must have personal involvement in the alleged wrongs . . .").

Here, Plaintiff's complaint does not allege how each named Defendant was personally involved in the events giving rise to his First and Eighth Amendment claims. Indeed, although Plaintiff has named five (5) individuals as Defendants in the caption of his complaint and the "DEFENDANT(S)" section of his complaint, he does not reference them at any other point in the body of his complaint. (Doc. No. 1.) Simply naming Defendants without providing any further factual allegations as to how their individual actions or inactions deprived Plaintiff of his constitutional rights is insufficient to satisfy the personal involvement requirement of a civil rights action. As a result, the Court concludes that Plaintiff's Bivens claims are subject to dismissal on this basis.

### 2.      Failure to Satisfy Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. See Fed. R. Civ. P. 8. Rule 8(a)(2) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]" See Twombly, 550 U.S. at 555 (citations omitted).

As discussed above, Plaintiff's complaint does not allege any facts concerning Defendants' involvement in the asserted constitutional violations. As a result, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct on

their part gives rise to the asserted constitutional violations. Thus, because Plaintiff's complaint does not provide fair notice of the grounds upon which Plaintiff's claims rest, the Court finds that Plaintiff's complaint does not satisfy Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citation and internal quotation marks omitted)); see also Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").[3]

### C. Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend

---

[3] In light of these conclusions, the Court need not determine whether a Bivens remedy extends to Plaintiff's constitutional claims.

where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified above.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff will be granted leave to file an amended complaint.  An appropriate Order follows.